NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY SANCHEZ,<br><br>        Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>        Defendant. | Civil Action No.: 17-4091 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Select Portfolio Servicing, Inc.'s motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6). For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over *pro se* Plaintiff Mary Sanchez's Complaint, (ECF No. 1), pursuant to the *Rooker-Feldman* doctrine. To the extent that Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, the Court finds that they are barred by the entire controversy doctrine.

## I. BACKGROUND[1]

Plaintiff commenced this action on June 6, 2017. (ECF No. 1 ("Compl.")). On August 16, 2017, Defendant Select Portfolio Servicing, Inc. filed the motion to dismiss Plaintiff's Complaint that is currently before this Court. (ECF No. 6).

On January 25, 2007, Plaintiff executed a mortgage in favor of Washington Mutual Bank

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

("the Mortgage"). (Compl. ¶¶ 12–14). Pursuant to the Mortgage agreement, Washington Mutual Bank ("Washington Mutual") extended Plaintiff a loan, which she agreed to pay back in monthly installments. (*Id.* ¶¶ 12–13). According to Defendant, Plaintiff defaulted on the Mortgage shortly thereafter. (ECF No. 6, Ex. E). On July 2, 2008, LaSalle Bank, as trustee for Washington Mutual, instituted a foreclosure action against Plaintiff in the Superior Court of New Jersey, Chancery Division, Bergen County, under docket number F-25531-08 (the "Foreclosure Action"). (ECF No. 6, Ex. B). LaSalle Bank filed an amended complaint in the Foreclosure Action on November 17, 2008. (ECF No. 6, Ex. C). Plaintiff failed to respond to the amended complaint and the Superior Court entered a Final Judgment in the Foreclosure Action and issued a Writ of Execution for the sale of the property at issue. (ECF No. 6, Exs. E, F). Following Washington Mutual's collapse in the financial crisis of 2008, Plaintiff's loan was discharged and transferred to Defendant. (Compl. ¶¶ 15–18).

On December 6, 2016, LaSalle Bank filed a motion to appoint a special master. (ECF No. 6, Ex. G). Plaintiff filed an opposition, and LaSalle Bank filed a reply. (ECF No. 6, Exs. H, I). The Superior Court entered an order granting LaSalle Bank's motion to appoint a special master. (ECF No. 6, Ex. J). Earlier that year, in January of 2016, Plaintiff also sought to modify the terms of her loan agreement. (Compl. ¶¶ 19–21). Defendant proposed modifications, which Plaintiff did not accept, and Plaintiff now alleges that the terms of her loan agreement were changed "abruptly" to an "egregious" monthly payment. (*Id.* ¶¶ 23–26). Plaintiff alleges that she has no contractual obligation to pay the increased monthly payment to Defendant, and that such increase was not included "under any provision within any agreement, and was done without any consideration for Plaintiff." (*Id.* ¶¶ 27–28).

Plaintiff then filed the instant action against Defendant, alleging that Defendant breached the terms of the Mortgage, and violated the Implied Covenant of Good Faith and Fair Dealing. (*Id.* ¶¶ 43–71).

## II.     LEGAL STANDARD

Defendant seeks to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and/or failure to state a claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. There are differing standards of review under each. *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (collecting cases).

### A. Rule 12(b)(1) Subject Matter Jurisdiction

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman*, 45 F. Supp. 2d at 428. When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549

3

F.2d 884, 891 (3d Cir. 1977). If the Rule 12(b)(1) motion is a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen*, 549 F.2d at 891). On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Here, Defendant's motion to dismiss under Rule 12(b)(1) is a factual attack, as it challenges the "actual facts" that support jurisdiction, and not merely how those facts were pled. *See Pa. Shipbuilding Co.*, 473 F.3d at 514. Accordingly, the Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists. *Id.* (citation omitted).

### B. Rule 12(b)(6) Failure to State a Claim

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must 'tak[e] note of the elements a plaintiff must plead

to state a claim.' Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Third Circuit has held that the Court can review the record of prior actions between the parties and take judicial notice of the same in considering a motion to dismiss. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013).

### III.   ANALYSIS

#### A. The *Rooker-Feldman* Doctrine Deprives This Court of Jurisdiction

Defendant moves to dismiss Plaintiff's Complaint on the grounds that it is barred by the *Rooker-Feldman* doctrine (ECF No. 6, at 4–7). Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court

judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker-Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court foreclosure decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152–53 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co*, 615 F.3d at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and these requirements are "closely related." *Id.* at 166, 168.

The first and third prongs are clearly met in the instant action. Plaintiff lost her Foreclosure Action in the Superior Court of New Jersey. The Superior Court rendered that judgment on February 8, 2010. (ECF No. 6, Ex. E). Plaintiff filed her Complaint in this case on June 6, 2017. (ECF No. 1).

The second and fourth prongs are also satisfied here. The Third Circuit recently assessed a case with a nearly identical factual scenario and held that the second and fourth prongs of the *Rooker-Feldman* test were met and that the doctrine barred jurisdiction. In *Gage v. Wells Fargo Bank*, the plaintiff, Gage, "defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court" which ruled in Wells Fargo's favor. 521 F. App'x at 50. Gage filed a subsequent complaint in federal court challenging the foreclosure judgment and sheriff's sale. *Id.* The district court grated Wells Fargo's motion to dismiss and held that the claims were barred under the *Rooker-Feldman* doctrine. *Id.* In affirming, the Third Circuit held that all four prongs of the *Rooker-Feldman* test were satisfied and stated that:

> Gage cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests–to have the deed to the property restored to him–makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the *Rooker-Feldman* doctrine.

*Id.* at 51.

For similar reasons, the Court finds that the second and fourth requirements are met here and that Plaintiff's claims are barred by *Rooker-Feldman*. Plaintiff's Complaint effectively complains of injuries caused by the Superior Court's final judgment. (*See, e.g.*, Compl. ¶ 27 (alleging that Defendant has no standing to collect on the debt); ¶¶ 32–42 (arguing that Defendant's foreclosing on Plaintiff's home was inappropriate because Plaintiff was in the process of modifying the terms of her loan payments to Defendant); ¶ 59 (accusing Defendant of "depriving [Plaintiff] of the benefit of owning, holding, possessing, and maintaining her real property.")).

Plaintiff also requests "a restraining order preventing and/or barring any sale of Plaintiff's property while in litigation." (*Id.* at 10). It is thus "abundantly clear" that Plaintiff's Complaint is "in essence an attack on the state court judgment of foreclosure." *Gage*, 521 F. App'x at 51. Adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the Foreclosure Action. In particular, an adjudication of Plaintiff's breach of contract claims would challenge the validity of the Foreclosure Action itself, as would a restraining order barring the sale of Plaintiff's property. "This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure and various other orders from a state court action in a separate federal court action." *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062 (FSH), 2014 WL 2711177, at *4 (D.N.J. June 16, 2014).

For these reasons, the Court finds that it does not have jurisdiction over Plaintiff's Complaint.

### B. Plaintiff's Remaining Claims Are Barred by the Entire Controversy Doctrine

To the extent Plaintiff raises independent claims regarding Defendant's alleged misconduct preceding the Superior Court's Order appointing a special master to conduct the foreclosure sale, (ECF No. 6, Ex. J), such claims are barred by the entire controversy doctrine.

Like traditional *res judicata*, the entire controversy doctrine is intended to prevent piecemeal litigation by requiring the assertion of all claims arising from a single controversy in one action. *See Prevratil v. Mohr*, 678 A.2d 243, 248 (N.J. 1996). Its "purposes are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency . . . ." *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 868 (N.J. 2002). "Generally speaking, the entire

controversy doctrine requires whenever possible all phases of a legal dispute to be adjudicated in one action. At a minimum, all parties to a suit should assert all affirmative claims and defenses arising out of the underlying controversy." *Prevratil*, 678 A.2d at 246. In other words, "a party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)). In applying the doctrine, "the central consideration is whether the claims . . . arise from related facts or the same transaction or series of transactions." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). The doctrine is an "equitable principle under which the Court may exercise its judicial discretion based on the particular circumstances inherent in a given case." *In re Mullarkey*, 536 F.3d at 230 (citing *Mystic Isle Dev. Corp v. Perskie & Nehmad*, 662 A.2d 523, 529–30 (N.J. 1995)).

The entire controversy doctrine applies to foreclosure proceedings, but extends only to "germane" counterclaims. *See In re Mullarkey*, 536 F.3d at 229 (citing *Leisure Tech.-Ne. v. Klingbeil Holding Co.*, 349 A.2d 96, 98–99 (N.J. Super. Ct. App. Div. 1975)); *see also* N.J. Ct. R. 4:64-5. In the foreclosure context, germane claims are those "arising out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Tech.-Ne.*, 349 A.2d at 98; *see also Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 471–73 (3d Cir. 2011) (applying entire controversy doctrine to mortgage transaction). Claims challenging the validity of the loan or the circumstances surrounding the origination of the loan are germane to a New Jersey Foreclosure action. *See Bank of N.Y. v. Ukpe*, No. 09-1710, 2009 WL 4895253, at *7 (D.N.J. Dec. 9, 2009). Furthermore, claims "challenging the amount due

on a mortgage" are also germane. *Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2010 WL 1931256, at *11 (D.N.J. May 13, 2010).

Here, Plaintiff's claims are germane because they clearly "aris[e] out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Tech.*, 349 A.2d at 98. Plaintiff argues that she has no contractual obligation to continue payments to Defendant, rendering the mortgage invalid. (Compl. ¶¶ 26–29). Alternatively, if there is a contract, Plaintiff claims Defendant breached that contract and the implied covenant of good faith by raising her monthly loan payments. (Compl. ¶¶ 43–71). All of these claims arise from the existence of the Mortgage and the parties' respective rights thereunder. *See DiTrilio*, 662 A.2d, at 502. Plaintiff's claims are also germane in that they both challenge the validity of the loan itself, *see Ukpe*, 2009 WL 4895253, at *7, and challenge the amount due on the mortgage, *see Patetta*, 2010 WL 1931256, at *11.

Plaintiff's claims were undoubtedly known to her and had accrued at the time of the underlying action. *See Mystic Isle*, 662 A.2d at 530. Though courts should apply the entire controversy doctrine with caution when dealing with *pro se* litigants, *In re Mullarkey*, 536 F.3d at 230, this Court believes Plaintiff had an opportunity to raise the claims presently before this Court in the Foreclosure Action. Plaintiff filed an "Objection to Plaintiff's Motion for a Special Master" in the Foreclosure Action on December 30, 2016. According to Plaintiff's Complaint, she was aware of her claims against Defendant raised in the instant action on May 18, 2016, at the latest. (Compl. ¶ 26). It is thus clear that by May 18, 2016, Plaintiff was aware that Defendant had raised the cost of her monthly loan payments and should have challenged that raise in the Superior Court.

(Compl. ¶¶ 23, 26–28). As such, Plaintiff's claims here must be dismissed pursuant to the entire controversy doctrine, to the extent they are not barred by *Rooker-Feldman*.

## IV.    CONCLUSION

For the aforementioned reasons, the Court concludes that it does not have jurisdiction over Plaintiff's Complaint. Accordingly, Plaintiff's Complaint is dismissed with prejudice. An appropriate Order and Judgment accompanies this opinion.

DATED: October 18, 2017

JOSE L. LINARES
Chief Judge, United States District Court